FILED
2011 Apr-07  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CUSTOM ADVERTISING DISPLAYS, INC. | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 09-AR-2621-S |
| v. | } } | |
| ARRAY RETAIL SOLUTIONS, INC., et al., | } } } | |
| Defendants. | } | |

**MEMORANDUM OPINION AND ORDER**

At the pretrial conference held on April 4, 2011, resulting in a final pretrial order of that date, neither the parties nor the court resolved the question of whether the liquidated damages clause in the contract, which is the subject of the controversy, eliminated the need by either side to prove or disprove the amount of actual damages.  The court has investigated the matter on its own, and now borrows from the following authoritative sources:

> "A valid stipulation for liquidated damages governs as to the amount of recovery for a breach of contract; the amount recovered can be neither in excess of nor less than the stipulated amount."

25 *Corpus Juris Secundum*, Damages § 116(A).

> "Of course, the fact that the damages actually incurred were less than the amount stipulated by the parties is no bar to enforcement of a liquidated damages provision, and it has been said that the court will not even inquire whether actual damages equaled or exceeded the amount to which the parties agreed.
>
> Since the effect of a stipulated damages provision is to substitute a predetermined amount for actual damages sustained by the party entitled to relief, the existence

>of an enforceable liquidated damages provision has the effect of making the mitigation of damages irrelevant."

24 Williston on Contracts (4th ed.) § 65:31.

In other words, the only issue in this case remaining for trial is whether or not the contract has been breached.  The pretrial order is AMENDED accordingly.

DONE this 7th day of April, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE